# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**GINGER CUMMINGS**                                                           **PLAINTIFF**

**V.**                                          **CASE NO. 1:04CV262**

**LIFE INSURANCE COMPANY OF NORTH AMERICA**           **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on cross-motions for summary judgment [13-1; 16-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Ginger Cummings, who is the beneficiary of life insurance proceeds arising from the death of her husband Jeffrey R. Cummings. The defendant is Life Insurance Company of North America ("LINA") which provided Jeffrey with a policy with a face value of $270,000.00. LINA provided Jeffrey with the policy through his employer, Cooper Tire & Rubber Company ("Cooper Tire"). However, Cooper Tire elected to change its employee insurance provider from LINA to Unum Life Insurance Company of America ("Unum") effective January 1, 2002. Jeffrey died from injuries suffered in an automobile accident in the early morning hours of January 1, 2002. It is undisputed that, had Jeffrey died just a few hours earlier, LINA would have been responsible for paying his death benefits. Jeffrey's wife, Ginger, subsequently filed a claim for death benefits under the Cooper Spectrum life insurance plan provided by Unum, which paid all of the benefits called for under that policy.

Ginger also filed a claim under Jeffrey's previous life insurance policy with LINA. It is undisputed that the LINA plan terminated on January 1, 2002, prior to Jeffrey's death. Nevertheless, Ginger argues that the insurance plan gave Jeffrey the right to continue his coverage with LINA even

after its arrangement with Cooper Tire ended, provided that he elected to do so within 31 days of the plan's termination. Ginger further argues that because Jeffrey died within the 31 day grace period, the insurance agreement must be construed against LINA to read that Jeffrey is still covered by the full amount of the LINA policy. After LINA refused to pay, Ginger filed this suit seeking the full $270,000.00 in insurance proceeds to which she claims she is entitled, as well as attorney's fees and punitive damages for wrongful failure to pay on a valid insurance claim. LINA responds that all of Ginger's claims other than for benefits are preempted by the Employee Retirement Income Security Act ("ERISA") and that it is not contractually obligated to pay for Ginger's claims under its insurance agreement with Cooper Tire.

## **ANALYSIS**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There are no disputed issues of fact in this case, the resolution of which turns entirely on application of ERISA and standard principles of contract interpretation.

I.   IS THIS CASE PREEMPTED BY ERISA?

As LINA has noted, determining whether an employee benefit plan falls under ERISA requires application of a two-part test: (1) the plan must be established and maintained by an employer, and (2) the employer must have a certain intent to provide benefits to its employees. Hansen v. Continental Ins. Co., 940 F.2d 971, 977 (5th Cir. 1991). The plaintiff's filings do not appear to seriously contest that the life insurance plan was established and maintained by Cooper

Tire, which intended to provide benefits to its employees, and the overwhelming weight of the evidence presented to the Court supports a finding that LINA's insurance policy falls under ERISA. Instead, Ginger argues that while the plan meets the requirements of ERISA, it also fits within the "safe harbor" exception to the ERISA statute promulgated by the Department of Labor's regulations interpreting ERISA. Under the "safe harbor" provision, ERISA coverage does not extend to a group or group type insurance program offered by an insurer to employees if all of the following four factors are present:

1. No contributions are made by an employer or employee organization;
2. Participation in the program is completely voluntary for employees or members;
3. The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
4. The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. 2510.3-1(j). The record reflects that the term life insurance literature provided to Cooper Tire's employees carried the Cooper Tire logo, that the company selected the coverage, and that the plan was administered by Cooper Tire. Cooper Tire describes itself as the "Plan Administrator," and Cooper Tire selected the life insurance plan. The Court is satisfied that Cooper Tire "endorsed" the LINA insurance plan within the meaning of 29 C.F.R. 2510.3-1(j). Consequently, the "safe harbor" provision does not apply, and LINA's plan must be viewed as an ERISA plan. As such, ERISA preempts all of Ginger's state law claims, as well as her claim for punitive damages. See generally Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 3094, 87 L.Ed.2d 96 (1985)(holding that individual beneficiary cannot recover extracontractual damages, either

3

compensatory or punitive, under ERISA 409(a) for improper processing of benefit claims).

II.   LINA'S LIABILITY.

Ginger seeks an award of $270,000.00, the amount to which she would have been entitled if Jeffrey had died while still under the policy. She directs the Court to language in the Plan Summary which gave Jeffrey 31 days after the plan's termination within which he could have taken affirmative steps to maintain protection under the LINA plan had he lived. The Conversion Privilege contained within the Plan Summary states in its entirety:

> You have the right within thirty-one (31) days after termination of employment, to convert your coverage and your spouse's coverage to an individual policy, except term, without evidence of insurability. You also have the right to convert your coverage and your spouse's coverage if the plan terminates after you have been covered for three years, except that the amount you may convert under these conditions will be limited as follows: The amount which you are eligible to convert will be the lesser of 1) the amount for which you are currently covered, reduced by any amount for which you may become eligible under any other policy issued to Cooper Tire within 31 days of termination of this policy or 2) $2000.
>
> If you should die after coverage terminates and within the 31 day conversion period, benefits for the full amount you were eligible to convert will be paid to the beneficiary regardless of whether an application for a conversion policy has been submitted.

LINA argues that the plain language of the Conversion Privilege does not entitle Ginger to full benefits. Instead, she is entitled to, if anything, the lesser of two amounts: (1) the amount by which Jeffrey was covered, reduced by the amount for which he became eligible under the new Unum policy, or (2) $2000.00. The Court agrees with Ginger that, under the plain language of this provision, she is entitled to benefits due to Jeffrey's death within the 31 day conversion period. However, the Court must also agree with LINA that this same plain and unambiguous language limits Ginger's maximum recovery to $2000.00.

4

## CONCLUSION

Based on the foregoing analysis, it is hereby ORDERED:

1. that the summary judgment motions of both the plaintiff [13-1] and the defendant [16-1] are GRANTED IN PART AND DENIED IN PART;
2. that the plaintiff, Ginger Cummings is awarded an amount equal to the lesser of (1) the amount by which Jeffrey was covered, reduced by the amount for which he became eligible under the new Unum policy, or (2) $2000.00; and

3. that this case is CLOSED.

A separate order to that effect shall issue this day.

This is the 9th day of March, 2006.

                                                **/s/ Michael P. Mills**
                                                **UNITED STATES DISTRICT JUDGE**